**E-FILED**
Wednesday, 02 January, 2008 04:00:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

Matthew Bailey                                    NO:06-20070-003

     Petitioner

V.

United States of America

     Respondent



JAN 0 2 2008

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

### PETITIONER'S MOTION PURSUANT
### TO 18 U.S.C. 3582(C)(2) TO
### MODIFY AND CORRECT SENTENCE

As a matter of introduction, the petitioner moves pro-se before the honorable court with petitioner's motion pursuant to 18 U.S.C. 3582(C)(2) to modify and correct sentence. The petitioner states as follows:

The petitioner meets the criteria and, therefore appears to be eligible to seek a reduced sentence under 18 U.S.C. 3582(C)(2) since the crack cocaine amendment has been made retroactive to the November 1, 2007 amendment, and the petitioner here is eligible for the two level departure in his base offense level.

### COCAINE BASE SENTENCING

Synopsis of the proposed amendment: This proposed amendment amends 2D1.1 (unlawful manufacturing, importing, exporting, or trafficking (including possession with intent to commit these offenses) attempt or conspiracy) to adjust the quantity thresholds for cocaine base (crack) so that the base offense level for cocaine base, as determined by the drug quantity table, is reduced by two levels. The proposed amendment would result in the base offense level corresponding to a guideline range that includes the five and ten year mandatory minimum terms of imprisonment for 5 and 50 grams of crack cocaine, respectively. Currently at least 5 grams but less than 20 grams of cocaine base are assigned a base offense level of 26 (63 to 78 months a criminal history category I) and at least 50 grams but less than 150 grams of cocaine base are assigned a base offense level of 32 (121 to 151 months at criminal history category I). Under the proposed amendment those same quantitie of cocaine base would be assigned a base offense level of 24 (51 to 63 months at criminal history

2

category I) and 30 (97 to 121 months at criminal history category
I).

TWO LEVEL DEPARTURE

OF PETITIONER'S BASE OFFENSE

LEVEL

The petitioner's present base offense level is 31 and his
instant offense involved 50 grams of crack cocaine.  Under the
November 1, 2007 amendment for the same quantities of cocaine
base would be assigned a base offense level of 29 (87 to 108
months at criminal history category I).  If the court here were
to grant to him a sentence reduction in this matter.  Petitioner
is not a danger to the community and should deem to qualify for
reduction in sentence.  Rather than 31 (108 to 135 months at
criminal history category I).

18 U.S.C. 3582(C)(2)

Section 3582(C)(2) of title 18, United States code, provides
that in the case of a defendant who has been sentenced to a term
of imprisonment based on a sentencing range that has subsequently
been lowed by the sentencing commission pursuant to 28 U.S.C.
994(O), upon motion of the defendant or the director of the bureau
of prison, or on it's own motion, the court may reduce the term
of imprisonment, after considering the factors set forth in section
3553(a) to the extent that they are applicable, if such a reduction
is consistent with applicable policy statements issued by the
sentencing commission.  The commission lists in 1B1.10(C) the
specific guideline amendments that the court may apply retroactively
under 18 U.S.C. 3582(C)(2).  The background commentary 1B1.10
lists the purpose of the amendment, the magnitude of the change
in the guideline range made by the amendment, and the difficulty
of applying the amended guideline range under 1B1.10(b) as among
the factors the commission considers in selecting the amendments
included in 1B1.10(c).  To the extent practicable, written testimony
should address each of these factors.

Commentary further directs how courts should proceed on
18 U.S.C. 3582(C)(2) motions.  Application note 2 states:  In
determining the amended guideline range under subsection (b),
the court shall substitute only the amendments listed in subsection
(c) for the corresponding guideline provisions that were applied
when the defendant was sentenced.  All  other guideline application

3

decisions remain unaffected.  Application note 3 further provides
that [w]hen the original sentence represented a downward departure,
a comparable reduction below the amended guideline range may
be appropriate.

Accordingly, the data presented below are based on the constraints
imposed by 18 U.S.C. 3582(C)(2) and 1B1.10 and it's commentary
on the extent of any reduction under 3582(C)(2) to the amended
guideline range, subject to the exception stated in the commentary
for departures given in the original sentence.  The data presented
below, therefore, account only for the application of the two
level reduction provided by the crack cocaine amendment and does
not assume any other reduction in the sentence consistent with
application note 2 of 1B1.10.  The data does not account for
the applicability, if any, of the United States Supreme Court
decision in  UNITED STATES V. BOOKER, to 18 U.S.C. 3582(C)(2)
sentence modifications.

GUIDELINE MANUAL POLICY STATEMENT

To implement 28 U.S.C. 994(u) and provide guidance for a
court when considering a motion under 18 U.S.C. 3582(C)(2), the
commission promulgated 1B1.10 (reduction in term of imprisonment
as a result of amendmentrange) (policy statement).  Subsection
(a) of 1B1.10 specifies when an 18 U.S.C. 3582(C)(2) reduction
is available.

> Where a defendant is serving a term of imprisonment,
> and the guideline range applicable to that
> defendant has subsequently been lowered as
> a result of an amendment to the guideline
> manual listed in subsection (c) below, a reduction
> in the defendant's term of imprisonment is
> authorized under 18 U.S.C. 3582(c)(2).  If
> none of the amendments listed in subsection
> (c) is applicable, a reduction in the Defendant's
> term of imprisonment under 18 U.S.C. 3582(C)(2)
> is not consistent with this policy statement
> and thus is not authorized.

Application note I further states:  Eligibility for consideration
under 18 U.S.C. 3582(C)(2) is triggered only by an amendment listed

4

in subsection (c) that lowers the applicable guideline range.
Listing an amendment in 1B1.10(c) reflects policy determinations
by the commission that a reduced guideline range is sufficient
to achieve the purpose of sentencing and that in the sound discretion
of the court, a reduction in the term of imprisonment may be appropriate
for previously sentenced, qualified defendats such as petitioner
here.   The background commentary further provides that authorization
of such a discretionary reduction does not otherwise affect the
lawfullness of a previously imposed sentence, does not authorize
a reduction in any other component of the sentence, and does not
entitle a  defendant to a reduced term of imprisonment as a matter
of right.

     Among the factors considered by the commission in selecting
the amendments included in subsection (c) are the purpose of the
amendment, the magnitude of the change in the guideline range
made by the amendment, and the difficulty of applying the amendment
retroactively to determine an amended guideline range under subsection
(b).

               In determining whether, and to what extent,
               a reduction in the term of imprisonment is
               warranted for a defendant such as the petitioner
               eligibility for consideration under 18 U.S.C.
               3582(C)(2) the court should consider that
               a defendant such as the petitioner is not
               a danger to the community and the term of
               imprisonment that it would have imposed had
               the amendment(s) to the guideline listed in
               subsection (c) been in effact at the time
               the petitioner here was sentenced.

5

Wherefore, the petitioner prays the benifit of the doubt will be granted and the court grant his request for two-level downward departure based on his eligibility to qualify for such a departure.

Respectfully Submitted

Dated   12/03/07   ,2007

Matthew Bailey/Pro-Se
Reg. 14699-026
Federal Prison Camp
P.O. Box 6000
Ashland, Kentucky 41105

CERTIFICATE OF SERVICE

I hereby certify that I have caused a true copy of the foregoing upon the United States Assistant Attorney Baku Patel, 1022 N. Vermillion Street, P.O. Box 974 Danville, Illinois 61834-0974, by  mailing prepaid mail on this   23rd   day of  December   , 2007.

Matthew Bailey